O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2382 AHM (MANx) | | Date | September 17, 2009 |
|---|---|---|---|---|
| Title | KIM *et al.* v. CERTIFIED HOME LOANS, LLC *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

     On April 6, 2009, Plaintiffs Yu Jin Kim and Tae Sang Park filed the original complaint in this case alleging twelve causes of action against Defendants Certified Home Loans, LLC ("Certified") and Wells Fargo Bank, N.A. ("Wells Fargo") (erroneously sued as Wells Fargo Home Mortgage), arising out of two mortgage loan transactions on Plaintiffs' primary residence that closed on or about April 20, 2007. Compl. ¶¶ 9-10, 23. Defendant Certified Home Loans had a clerk's default entered against it on June 11, 2009. Defendant Wells Fargo filed a motion to dismiss the original complaint for failure to state a claim under Fed. R. Civ. P 12(b)(6) on May 26, 2009, which the Court granted with leave to amend certain of the claims on June 29, 2009. On July 13, 2009, Plaintiffs filed a First Amended Complaint ("FAC") alleging nine causes of action against both defendants, some of which are re-pled from the original complaint and some of which are new. On July 30, 2009, Wells Fargo filed a motion to dismiss the FAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiffs have filed no opposition to this motion. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. Moreover, on its face the motion is meritorious. In addition, it is clear that the defects in the FAC cannot be cured by further amendment. Accordingly, the Court GRANTS Wells Fargo's motion to dismiss[1] without leave to amend.

     As to Plaintiffs' claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, Plaintiffs' only allegations against Wells Fargo under this claim are that it

---

[1]Docket No. 18.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2382 AHM (MANx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | KIM *et al.* v. CERTIFIED HOME LOANS, LLC *et al.* | | |

violated TILA by: 1) providing two Truth-in-Lending Disclosure Statements ("TILDS") to Plaintiffs with differing terms; 2) failing to make a clear and conspicuous disclosure to Plaintiffs about the workings of the balloon payment; and 3) only providing estimated closing costs that contained wide ranges of varying possibilities regarding the costs. FAC ¶ 38. As to the first two allegations, these are contradicted on the face of the complaint. The two TILDS, attached to the FAC as exhibits F and G indicate that the first TILDS is an estimate of the costs, whereas the second TILDS sets forth the actual costs, so the terms do not inappropriately differ. The loan note in question is attached as exhibit E to the complaint and states in section 3, "On 04-20-2017, I will pay a final balloon payment equal to the unpaid Principal plus all remaining interest, fees and other sums owed under this Note and the Security Instrument." This contradicts Plaintiffs' claim that they were not informed about the balloon payment. As for the third allegation, TILA does appear to require a creditor to disclose any other fees imposed by the creditor, including closing costs, 15 U.S.C. § 1637a(c), but Plaintiffs never allege that closing costs were, in fact, required under the loan in question. Thus, Plaintiffs have failed to state a claim against Wells Fargo under TILA, and claim one should be dismissed.

On the Real Estate Settlement Practices Act ("RESPA") claim—claim number two—the only non-conclusory allegation that Plaintiffs make against Wells Fargo is that it failed to provide an actual estimate of the costs Plaintiffs might incur. FAC ¶ 48. Defendant provides support that there is no private remedy for failure to provide the required Good Faith Estimate under 12 U.S.C. § 2604(c). *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) ("[W]e hold that . . . there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it."), and so the claim must be dismissed.

The allegations against Wells Fargo under claims three, four, and five—for violation of the Fair Housing Act, 42 U.S.C. § 3605; the Equal Credit Opportunity Act, 15 U.S.C. § 1691; and the Unruh Act, Cal. Civil Code § 51—are wholly conclusory and otherwise deficient as set forth in Wells Fargo's motion to dismiss. FAC ¶¶ 47-48, 63-64, 68-69; Motion at 12-16.

Plaintiffs' sixth claim for fraud must meet the heightened pleading standard of particularity under Fed. R. Civ. P. 9(b). In order to comply with Rule 9(b), the pleader must allege the "time, place and specific content of the false representations as well as the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2382 AHM (MANx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | KIM *et al.* v. CERTIFIED HOME LOANS, LLC *et al.* | | |

identities of the parties to the misrepresentation." *See Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiffs have failed to meet this standard. FAC ¶¶ 79-85.

Plaintiffs have failed to correct the deficiency in their eighth claim for breach of the covenant of good faith and fair dealing that the Court noted in its oral rulings on the motion to dismiss the original complaint. Namely, the Plaintiffs have still failed to allege how Wells Fargo has breached a contractual, as opposed to a statutory, duty toward the Plaintitffs. FAC ¶¶ 97-98.

Plaintiffs' seventh and ninth claims—for violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* and for declaratory relief—depend upon underlying violations of law, and since Plaintiffs' other claims are not adequately pled, these claims, too, must fail.

In assessing whether to grant leave to amend, a court should consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunez v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Futility alone can justify the denial of a motion for leave to amend." *Id.* Here, Plaintiffs have already had two chances to plead their claims, and another amendment would be futile. Though Plaintiffs minimally fleshed out the factual bases of their claims in their FAC and attached the loan documents in question, the additional facts added only served to contradict several of their conclusory allegations. Plaintiffs also added four new claims in the FAC, but these claims are based on the same alleged factual pattern of discrimination and misrepresentation, which Plaintiffs have twice failed to support with any specific factual allegations. Thus, giving Plaintiffs another chance to amend the FAC would not cure its deficiencies. *See Id.* (stating that a district court "does not abuse its discretion in denying a motion to amend a complaint when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally" (internal quotation omitted)).

For the foregoing reasons, the Court GRANTS Defendant Wells Fargo's motion and dismisses Plaintiffs' FAC without leave to amend as to Wells Fargo.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2382 AHM (MANx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | KIM *et al.* v. CERTIFIED HOME LOANS, LLC *et al.* | | |

| | : | |
|---|---|---|
| | Initials of Preparer | SMO |